IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEWELE BRADLEY,

                Plaintiff,

                                                CIVIL ACTION
      vs.                                         No. 11-3164-SAC

HASSAN SAM HUSSAIN,

                Defendants.

ORDER

    Plaintiff, an inmate confined in a correctional facility in Missouri, initiated this action with a pro se form complaint for seeking relief under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

    Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

    Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). *See also* 28 U.S.C. § 1915(e)(2)(B)(authorizing dismissal of a complaint if the claim is malicious or frivolous, fails to state a claim on which relief may

be granted, or seeks monetary relief against a defendant who is immune from such relief).

"To state an actionable claim, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir.2007). However, a court cannot assume the role of an advocate to assert arguments the pro se litigant failed to raise or sufficiently develop for review. *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

In the present case, the sole defendant named in the complaint Hassan Sam Hussain, identified by plaintiff as the business owner of a gas station in Spring Hill, Kansas. Plaintiff alleges this defendant falsely accused plaintiff in November 2007 of criminal activity at the gas station by identifying plaintiff from a photo array. Plaintiff contends he is innocent, and claims the defendant lied to effect plaintiff's arrest. On these allegations plaintiff seeks damages from defendant, and for the revocation of defendant's work visa and green card to prevent defendant from falsely accusing anyone in the future.

As it appears plain on the face of the complaint that the sole defendant in this matter is a private individual rather than a person acting under color of state law, the court finds plaintiff's

allegations wholly fail to state an actionable claim upon which relief can be granted under 42 U.S.C. § 1983 even if the court were to assume defendant's actions resulted in plaintiff's conviction and/or present confinement. The court also finds granting plaintiff an opportunity to amend the complaint to cure this identified deficiency would be futile. The court thus concludes the complaint should be summarily dismissed as stating no claim for relief under 42 U.S.C. § 1983.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, that the complaint is summarily dismissed as stating no claim for relief, and that plaintiff's motion for appointment of counsel (Doc. 3) is denied as moot.

**IT IS SO ORDERED.**

DATED: This 3rd day of April 2012 at Topeka, Kansas.


    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge